IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garrett J. Deetz,<br><br>  Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>  Defendants. | No. CV-13-00489-PHX-DJH (ESW)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned on referral from the District Judge. Pending before the Court is Plaintiff's Motion for Leave to Amend (Doc. 39). Defendants have not filed a response, and the response deadline has passed. *See* Local Rule of Civil Procedure 7.2(c) (providing that a response must be filed within fourteen days after service of the motion). For the reasons that follow, the undersigned recommends that the Court deny the Motion for Leave to Amend (Doc. 39) on the basis that Plaintiff's proposed Second Amended Complaint (lodged at Doc. 39-1) would be futile.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to hear and determine certain "non-dispositive" pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction. The Ninth Circuit Court of Appeals has not addressed whether a magistrate judge's denial of a plaintiff's motion for leave to amend a complaint is "dispositive." Accordingly, the undersigned is ruling on the Motion for Leave to Amend (Doc. 39) by this Report and Recommendation.

## I. Background

Plaintiff is confined in the Arizona State Prison Complex ("ASPC"), Special Management Unit I, in Florence, Arizona. On March 8, 2013, Plaintiff filed a Civil Rights Complaint by a Prisoner (Doc. 1) pursuant to 42 U.S.C. § 1983. After the Court dismissed the Complaint with leave to amend, Plaintiff filed a First Amended Complaint (Doc. 25) on April 14, 2014. The First Amended Complaint (Doc. 25) alleges two counts of inadequate medical care in violation of Plaintiff's Eighth Amendment rights. Plaintiff named the following defendants: (i) Charles Ryan, Director of the Arizona Department of Corrections; (ii) Jane Valenzuela, Facility Health Administrator for ASPC-Tucson; (iii) Maria Figueroa, Community Liaison; (iv) Dr. Zoran Vukcevic, a physician at ASPC-Florence; (v) Wexford Health Services, Inc. ("Wexford"); and (vi) Corizon Health Services, Inc. ("Corizon").

On September 30, 2014, the Court screened Plaintiff's First Amended Complaint (Doc. 25) pursuant to 28 U.S.C. § 1915A(a). The Court dismissed without prejudice Defendants Ryan, Figueroa, Wexford, and Corizon from the action for failure to state a claim. (Doc. 23 at 8-11). The Court found that Plaintiff did state a § 1983 medical claim against Defendants Vukcevic and Valenzuela. The Court thus ordered Defendants Vukcevic and Valenzuela to answer both counts in the First Amended Complaint. (Doc. 23 at 11-12).

On January 27, 2015, Defendant Vukcevic filed his Answer (Doc. 36) to the First Amended Complaint. On February 24, 2015, Plaintiff's newly-retained counsel filed a Notice of Appearance (Doc. 38) and a Motion for Leave to Amend (Doc. 39). The Motion for Leave to Amend (Doc. 39) requests leave to file Plaintiff's proposed Second Amended Complaint (lodged at Doc. 39-1).

## II. Legal Standards Governing Motions for Leave to Amend

Rule 15(a) of the Federal Rules of Procedure provides that "leave [to amend a pleading] shall be freely given when justice so requires." A district court has the discretion to grant or deny a motion to amend. *See, e.g., Ventress v. Japan Airlines*, 603

1 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000). That discretion is "especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint . . . ." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (internal quotation marks and citation omitted); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) (explaining "the rule that a district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims").

Although Rule 15(a) is very liberal, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). These factors, however, are not given equal weight. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Here, because the Court has previously given Plaintiff the opportunity to amend his Complaint (Doc. 1), the Court's discretion in ruling on Plaintiff's Motion for Leave to Amend (Doc. 39) is especially broad.

### III.  Plaintiff's Eighth Amendment Claim

Plaintiff's proposed Second Amended Complaint (Doc. 39-1) consolidates the two Eighth Amendment claims in Plaintiff's First Amended Complaint (Doc. 25) into one claim. Plaintiff continues to assert that his Eighth Amendment rights were violated when Defendants were allegedly deliberately indifferent to Plaintiff's medical needs. As Plaintiff now has counsel, the proposed Second Amended Complaint (Doc. 39-1) is not entitled to the same liberal construction applied to Plaintiff's prior pro se filings. *See U.S. v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) (explaining that rule of liberal

construction is for the benefit of the pro se prisoner).  The proposed Second Amended Complaint (Doc. 39-1) seeks to add a number of Defendants to the action:

1. Wexford;
2. Corizon;
3. Charles Ryan;
4. Jane Valenzuela, Facility Health Administrator ("FHA") at ASPC-Tucson;
5. Unknown FHA at ASPC- Florence; and
6. Numerous medical providers employed by Defendant Ryan, Wexford, or Corizon:
    i. Dr. Zoran Vukcevic
    ii. Arlene McKamey
    iii. Unknown Holder
    iv. Unknown Wright
    v. Unknown Ainslie
    vi. Darla Duran
    vii. Unknown Brower, Unknown VanCuran, and Doe 4
    viii. Unknown Salyer
    ix. Unknown McGowan
    x. John or Jane Does 1-10

As stated in the Court's prior screening order (Doc. 23), not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendments.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

1 *Jett*, 439 F.3d at 1096 (quotations omitted).

2 Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard."). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Because deliberate indifference is a high legal standard, mere indifference, medical malpractice, or gross negligence will not support a cause of action under the Eighth Amendment. *See Broughton v. Cutter Labs*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam); *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1082 (9th Cir. 2013). In addition, a delay in medical treatment does not constitute a violation of the Eighth Amendment unless the delay causes further harm. *Shapley v. Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985) (per curiam). Finally, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Instead, "a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." *Toguchi*, 391 F.3d at 1058 (internal quotation marks and citation omitted).

### IV. Plaintiff's Proposed Second Amended Complaint Would be Futile

In its September 30, 2014 screening order, the Court found that Plaintiff failed to state a deliberate indifference claim against Defendant Ryan as Plaintiff failed to allege facts to support that Defendant Ryan "knew, or should have known, that Plaintiff had serious medical needs but that Ryan nevertheless failed to act to ensure those needs were addressed." (Doc. 23 at 9). Similarly, the Court found that Plaintiff failed to state a

1  deliberate indifference claim against Defendants Wexford and Corizon as Plaintiff failed
2  to allege facts to "support that either Wexford or Corizon promulgated or endorsed a
3  policy or custom that resulted in the violation of [Plaintiff's] constitutional rights,
4  including how and when." (Doc. 23 at 11).

5  The undersigned finds that Plaintiff's proposed Second Amended Complaint (Doc. 39-1) would be futile. Regarding Defendants Ryan, Wexford, Corizon, and Unknown FHA at ASPC-Florence, the proposed Second Amended Complaint fails to allege any facts sufficient to overcome the deficiencies noted in the Court's September 30, 2014 screening order (Doc. 23). Regarding Defendant medical providers McKamey, Holder, Wright, Ainslie, Duran, Brower, VanCuran, Salyer, McGowan, and John or Jane Does 1-10, Plaintiff's proposed Second Amended Complaint (Doc. 39-1) at most alleges negligence against some of the medical providers. Again, negligence, gross negligence, and medical malpractice do not rise to the level of deliberate indifference. *Broughton*, 622 F.2d at 460; *Lemire*, 726 F.3d at 1082.

15 Finally, the proposed Second Amended Complaint (Doc. 39-1) would be futile even against current Defendants Vukcevic and Valenzuela.[2] In finding that Plaintiff's First Amended Complaint (Doc. 25) stated a claim against Defendant Vukcevic, the Court's screening order (Doc. 23 at 11) cited Plaintiff's allegations that (i) Defendant Vukcevic indicated that he would order pain medication for Plaintiff, but failed to do so and (ii) Plaintiff requested a plan concerning his Hepatitis C, but Defendant Vukcevic only took blood and did not follow-up. The proposed Second Amended Complaint (Doc.

---

[2] An amended complaint supersedes a prior complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262 ("after amendment the original pleading no longer performs any function and is treated thereafter as non-existent") (internal quotation marks and citation omitted). Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a proposed amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

39-1 at 3) does not reiterate these allegations, but instead contains the vague and conclusory statement that "Defendant Vukcevic was deliberately indifferent to Plaintiff's rights by deliberately disposing of a kidney stone without analyzing it in order to provide appropriate treatment, and by knowing of Plaintiff's conditions but failing to provide appropriate testing and treatment." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (stating that vague and conclusory allegations do not support a cause of action). The proposed Second Amended Complaint (Doc. 39-1 at 11) also states that "Defendant Vukcevic ordered a CT scan, 'lab & meds,' and a follow up with a doctor in 3 weeks." The proposed Second Amended Complaint, however, does not make any allegation that connects that statement with Plaintiff's claim that Defendant Vukcevic acted with deliberate indifference regarding Plaintiff's medical needs.

In finding that Plaintiff's First Amended Complaint (Doc. 25) stated a claim against Defendant Valenzuela, the Court's screening order (Doc. 23 at 11) cited Plaintiff's allegation that Plaintiff "submitted an informal resolution concerning [Plaintiff's] medical issues that were causing him extreme pain for a lengthy period to FHA Valenzuela, but that Valenzuela failed to act to address the lack of treatment of Plaintiff's condition." The proposed Second Amended Complaint (Doc. 39-1 at 3) does not reiterate this allegation, but instead contains the vague and conclusory allegation that Defendant Valenzuela was "deliberately indifferent to Plaintiff's rights by ignoring his requests for assistance." *See Ivey*, 673 F.2d at 268.

Because Plaintiff's proposed Second Amended Complaint (Doc. 39-1) fails to sufficiently raise an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs, the undersigned finds that granting Plaintiff's Motion for Leave to Amend (Doc. 39) would be futile.

### V. Conclusion

Based on the foregoing reasons, **IT IS RECOMMENDED** that the Court deny Plaintiff's Motion for Leave to Amend (Doc. 39).

This recommendation is not an order that is immediately appealable to the Ninth

- 7 -

Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 23rd day of April, 2015.

_____
Eileen S. Willett
United States Magistrate Judge