IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garrett J. Deetz,<br><br>               Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>               Defendants. | No. CV-13-00489-PHX-DJH (ESW)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion for Leave to Amend (Doc. 82) filed on September 1, 2015 (the "Second Motion to Amend"). Attached to Plaintiff's Motion is a proposed Second Amended Complaint (Doc. 82-1) that alleges two counts of denial of constitutionally adequate medical care in violation of the Eighth and Fourteenth Amendments against Wexford Health Services, Inc., Corizon Health Services, Charles Ryan, Jane Valenzuela, Arlene McKamey, and Kent Ainslie. For the reasons discussed below, the undersigned Magistrate Judge recommends that the Court deny the Second Motion to Amend (Doc. 82).[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to hear and determine certain "non-dispositive" pretrial motions in cases where the parties have not consented to a magistrate judge's exercise of jurisdiction. The Ninth Circuit Court of Appeals has not addressed whether a magistrate judge's denial of a plaintiff's motion for leave to amend a complaint is "dispositive." Accordingly, in an abundance of caution, the undersigned is issuing this Report and Recommendation.

## I. BACKGROUND

Plaintiff is a prisoner confined in the Arizona State Prison Complex ("ASPC"), Special Management Unit I, in Florence, Arizona. On March 8, 2013, Plaintiff filed a pro se civil rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a). Finding that the Complaint failed to state a claim, the Court dismissed the Complaint with leave to amend. (Doc. 15 at 12).

On April 14, 2014, Plaintiff filed a First Amended Complaint (Doc. 25), alleging two counts of inadequate medical care in violation of the Eighth Amendment. After screening the First Amended Complaint, the Court dismissed without prejudice Defendants Ryan, Figueroa, Wexford, and Corizon from the case for failure to state a claim. (Doc. 23 at 8-11). The Court, however, found that Plaintiff stated a viable § 1983 medical claim against Defendants Vukcevic and Valenzuela and ordered Defendants Vukcevic and Valenzuela to answer both counts of the First Amended Complaint. (Doc. 23 at 11-12).

As of the date of this Report and Recommendation, Defendant Valenzuela has not yet appeared in the case.[2] Defendant Vukcevic filed his Answer (Doc. 36) to Plaintiff's First Amended Complaint on January 27, 2015. The Court issued a Scheduling Order (Doc. 37), which set February 27, 2015 as the deadline for filing motions to amend the complaint and to join additional parties.

On February 24, 2015, Plaintiff's counsel filed a Notice of Appearance (Doc. 38) and Motion for Leave to Amend (Doc. 39) (the "First Motion to Amend").[3] The Court denied the First Motion to Amend because the Motion failed to comply with Rule 15.1(a)

---

[2] The Clerk of Court entered default against Defendant Valenzuela on May 19, 2015 (Doc. 59), which the Court set aside (Doc. 72) because service was not effective pursuant to Rule 4(e)(2)(C). On September 18, 2015, the Arizona Attorney General's Office waived service of process on Defendant Valenzuela's behalf (Doc. 89).

[3] The undersigned acknowledges that Plaintiff has technically filed three motions to amend in this case. On April 14, 2014, while pro se, Plaintiff filed a "Motion for Leave to File Amended Complaint" (Doc. 18). The Court denied the Motion as moot because the procedural posture of the case entitled Plaintiff to amend his pleading once as a matter of course under Rule 15 of the Federal Rules of Civil Procedure. (Doc. 23).

of the Local Rules of Civil Procedure. (Doc. 68 at 3).

On August 31, 2015, Defendant Vukcevic filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 75 and 76) and a Motion for Summary Judgment (Docs. 77 and 78). The following day, Plaintiff filed the Second Motion to Amend (Doc. 82). Defendant Vukcevic responded in opposition to the Second Motion to Amend (Doc. 90).[4] On October 14, 2015, pursuant to the parties' Stipulation (Doc. 93), the Court dismissed with prejudice Defendant Vukcevic from the case. (Doc. 98). In their Stipulation (Doc. 93 at 1), the parties agreed that if the Second Motion to Amend is granted, the proposed Second Amended Complaint shall be read as not including claims against Defendant Vukcevic.

## II. LEGAL STANDARDS

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court has the authority to establish a schedule that sets pretrial deadlines, including a deadline for motions to amend pleadings. A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This is because "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotations marks omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*.

Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a).[5] *Johnson*, 975 F.2d at 607-09 ("A court's evaluation

---

[4] Plaintiff filed a "Motion to Strike Defendant Vukcevic's Opposition to Plaintiff's Motion for Leave to Amend as Moot" (Doc. 94), which the Court has granted by separate order.

[5] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, except in circumstances not present in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."

of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Johnson*, 975 F.2d at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

The standards of review under Rules 15 and 16 are markedly different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609. Although prejudice to the opposing party can be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*. If the movant "was not diligent,

the inquiry should end." *Id.*

## III. ANALYSIS

The Court's Scheduling Order (Doc. 37 at 5) advised in bold capital text that the deadlines set forth therein shall be strictly enforced. Plaintiff's First Motion to Amend complied with the Scheduling Order's February 27, 2015 deadline. The Court, however, denied the Motion because it did not comply with the Local Rules of Civil Procedure. (Doc. 68). Plaintiff waited until (i) one day after the August 31, 2015 dispositive motion deadline[6] and (ii) approximately six months after the February 27, 2015 motion to amend deadline to file the September 1, 2015 Second Motion to Amend. Although the parties filed multiple stipulated requests to extend pretrial deadlines, Plaintiff never requested that the Court extend the February 27, 2015 deadline for filing motions to amend. (Docs. 48, 60, 62, and 74). It is therefore recommended that the Court deny the Second Motion to Amend (Doc. 82) as untimely. *Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104; *Dedge*, 849 F.2d at 1398.

Denial of the Second Motion to Amend (Doc. 82) is warranted even if it is deemed as a de facto motion to modify the Scheduling Order. Because the Motion was filed after the February 27, 2015 deadline, Plaintiff cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original).

Plaintiff does not acknowledge that the Second Motion to Amend (Doc. 82) was filed after the February 27, 2015 deadline. Rather than addressing Rule 16's "good cause" standard in arguing why the Court should grant the Motion, Plaintiff cites Rule 15. Plaintiff's counsel, however, does address the approximate two-month delay between the Court's denial of the First Motion to Amend (Doc. 39) and Plaintiff's filing of the Second Motion to Amend (Doc. 82). In the Second Motion to Amend, Plaintiff's counsel

---

[6] The Court later extended the dispositive motion deadline to September 30, 2015. (Doc. 84).

- 5 -

explains that:
> Counsel for Plaintiff is a sole practitioner with no administrative assistance, and has been occupied with other matters. Regardless, counsel has been working diligently to draft a proposed amended pleading in compliance with both the Magistrate's recommendations, and the Court's Order.

(Doc. 82 at 3). Plaintiff's counsel makes similar statements in the Reply (Doc. 97 at 4) in support of the Second Motion to Amend: "[A]s a sole practitioner without staff, I worked diligently to follow the Court's orders while also maintaining a law practice, including preparing for a trial. The time spent was not unreasonable under the circumstances." None of these statements establish good cause for granting the Second Motion to Amend (Doc. 82). As a sole practitioner, Plaintiff's counsel is responsible for managing her practice and deciding whether to take new cases such as Plaintiff's in light of her current caseload and trial schedule. To the extent that the Court may find that Plaintiff's counsel has acted carelessly, such carelessness would not constitute good cause to grant the Motion. *Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

The undersigned finds that Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Rule 16 Scheduling Order. Because Plaintiff has not acted diligently, the inquiry ends. It is therefore recommended that the Court deny the Second Motion to Amend (Doc. 82).

## IV. CONCLUSION

Based on the foregoing reasons,

**IT IS RECOMMENDED** that the Court deny Plaintiff's Second Motion to Amend (Doc. 82).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of October, 2015.

_____
Eileen S. Willett
United States Magistrate Judge