WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garrett J. Deetz, | No. CV-13-00489-PHX-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Garrett J. Deetz, who is confined in the Arizona State Prison Complex, Special Management Unit I (SMU I), in Florence, Arizona, filed a pro se civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983, alleging inadequate medical care constituting cruel and unusual punishment in violation of the Eighth Amendment. (Doc.25).  On August 9, 2013, the Court ordered an Early Mediation Conference, which stayed litigation for ninety days.  (Doc. 11).  The case did not settle in mediation.

The Court thereafter screened Plaintiff's First Amended Complaint and ordered Defendants Vukcevic and Valenzuela to file an answer. (Doc. 23 at 14).  Defendant Vukcevic filed an Answer on January 27, 2015.  (Doc. 36).  A Scheduling Order was issued on February 9, 2015, setting a discovery deadline of July 31, 2015.  (Doc. 37). Plaintiff's counsel thereafter filed a Notice of Appearance on February 24, 2015.  (Doc. 38).  The parties subsequently stipulated to several discovery deadline extensions which were granted by the Court.  (Docs. 50, 64, 84).  The Court dismissed Defendant Vukcevic

1  from the case with prejudice on October 14, 2015.  (Doc. 98).

2  On November 9, 2015, Defendant Valenzuela filed an Answer.  (Doc. 102).  On January 14, 2016, the Court sua sponte extended a number of pretrial deadlines because Defendant Valenzuela appeared after previously set discovery deadlines had passed. (Doc. 105).  On January 20, 2016, Plaintiff filed a "Motion to Strike 1/14/16 Order, or in the Alternative, an Extension of Time for Discovery (First request)" (Doc. 106).  The Court has reviewed Plaintiff's Motion and Defendant Valenzuela's Response (Doc. 107).

Plaintiff requests that the Court strike its January 14, 2016 Order (Doc. 105) and issue an amended Scheduling Order after Plaintiff's Motion for Leave to Amend (Doc. 82) is decided.[1]  (Doc. 106 at 3).  In the alternative, Plaintiff requests that the deadlines in the January 14, 2016 Order be extended by forty days.  The basis for Plaintiff's Motion is Plaintiff's failure to timely respond to Defendant Valenzuela's December 14, 2015 discovery requests.

In the Motion (*Id.* at 2), Plaintiff's counsel states that she initially believed that most of the discovery requests could be answered easily, but "[w]hen counsel returned after the holidays, counsel realized that she would need to consult with the client in order to produce complete answers, and that this would require more time than the deadline would allow."  On January 18, 2016, Plaintiff's counsel requested Defendant Valenzuela's counsel to extend the time to respond to March 1, 2016.  (*Id.*).  Defendant's counsel objected to the requested extension, citing the March 14, 2016 discovery deadline.  (*Id.*).  Defendant's counsel, however, does not oppose an extension of the discovery deadline if Defendant's dispositive motion deadline is also extended.  (Doc. 107).

The Court has broad discretion in supervising the pretrial phase of litigation.  *See Zivhovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002).  "A

---

[1] The undersigned Magistrate Judge's recommendation that the District Judge deny Plaintiff's Motion for Leave to Amend is currently pending.  (Doc. 100).

- 2 -

scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Scheduling orders may be modified only upon a showing of "good cause." Rule 16 (b), Fed. R. Civ. P. This "good cause" standard requires the Court to consider the diligence of the party requesting the extension. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000); *Johnson*, 975 F.2d at 609 (finding good cause exists if the deadline cannot reasonably be met despite due diligence). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

The Court finds that Plaintiff has not shown the diligence required for a finding of "good cause." This ends the Court's inquiry into whether an extension should be granted. *See Coleman*, 232 F.3d at 1295. In addition, the Court finds that granting Plaintiff's Motion would cause undue delay in a case that is nearly three years old. Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion to Strike 1/14/16 Order, or in the Alternative, an Extension of Time for Discovery (First request)" (Doc. 106). The deadlines as set forth in the Court's January 14, 2016 Order (Doc. 105) are affirmed.

Dated this 22nd day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge