1
2
3
4
5
6                     IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9    Garrett J. Deetz,                       No. CV-13-489-PHX-DJH (ESW)
10                    Plaintiff,             **ORDER**
11   v.
12   Arizona Department of Corrections, et al.,
13                    Defendants.
14

15          This matter is before the Court on Plaintiff's Second Motion for Leave to Amend
16   ("Second Motion to Amend") (Doc. 82) and the Report and Recommendation ("R&R")
17   (Doc. 100) issued by United States Magistrate Judge Eileen S. Willett.  Judge Willett
18   determined in the R&R that Plaintiff failed to show good cause under Fed.R.Civ.P. 16(b)
19   for filing the Second Motion to Amend after the deadline in the Scheduling Order (Doc.
20   37).  Judge Willett therefore recommends that the Second Motion to Amend be denied.
21          Plaintiff filed an Objection to the R&R ("Objection") (Doc. 101) on November 24,
22   2015.  Defendant Valenzuela filed a Reply to Plaintiff's Objection but it was withdrawn
23   when Plaintiff and Defendant Valenzuela stipulated to Valenzuela's dismissal from this
24   action.  (Doc. 116).
25   **A.  Standard of Review**
26          The district judge "shall make a de novo determination of those portions of the
27   report or specified proposed findings or recommendations to which objection is made."
28   28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).   The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**B. Application**

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner (Doc. 1) on March 8, 2013.  After the Court dismissed it with leave to amend, Plaintiff filed a First Amended Complaint (Doc. 25) on April 14, 2014.  The Court screened the First Amended Complaint on September 30, 2014 and dismissed four defendants (Ryan, Figueroa, Wexford and Corizon) from the action for failure to state a claim.  (Doc. 23 at 8-11).   The Court found Plaintiff stated a claim against Defendants Vukcevic and Valenzuela and ordered them to file answers.  (Doc. 23 at 11-12).

On February 24, 2015, Plaintiff, through newly retained counsel, filed a Motion for Leave to Amend (Doc. 39).   The Magistrate Judge issued a Report and Recommendation (Doc. 54) on April 24, 2015 and found that granting leave to amend would be futile.  Judge Willett found that with regard to certain defendants, the proposed second amended complaint failed to allege any facts to overcome the deficiencies identified in this Court's screening order (Doc. 23).   With regard to the remaining medical provider defendants, Judge Willett found that the proposed second amended complaint "at most alleges negligence against some of the medical providers."  (Doc. 54 at 6).  Judge Willett found that the allegations against the providers did not rise to the level of deliberate indifference, which is required to assert an Eight Amendment medical care claim.  (*Id.*).   Finally, with regard to Defendants Vukcevic and Valenzuela, Judge Willett found the newly proposed claims against them were also deficient.  Judge Willett therefore concluded that granting leave to amend would be futile because none of the claims in the proposed second amended complaint sufficiently raised an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs.  (Doc. 54 at 7).  Judge Willet recommended that the motion be denied.

In reviewing the first Report and Recommendation, this Court did not address the

futility issue relied on by the Magistrate Judge because Plaintiff failed to comply with LRCiv 15.1(a) when he submitted the motion for leave to amend.  (Doc. 68).  On that basis alone, the Court agreed with the recommendation that the motion for leave to amend be denied.  The Court warned Plaintiff, however, that if he intended to again try to amend his complaint, he would be wise to address the deficiencies identified by the Magistrate Judge.  (Doc. 68 at 3).  The Court's order did not specifically authorize Plaintiff to file another motion for leave to amend.

When Plaintiff's counsel entered her appearance and filed the previous motion for leave to amend on February 24, 2015, only three days remained before the February 27, 2015 deadline in the Scheduling Order for such motions. (*See* Doc. 37 at 4).  By the time the Magistrate Judge issued the Report and Recommendation and this Court denied the motion, approximately four months had passed since the deadline expired.   Thus, Plaintiff was no longer within the time permitted by the Scheduling Order to file a motion for leave to amend.  Plaintiff then waited two additional months, until September 1, 2015, to file the Second Motion to Amend.

In the R&R pertaining to the Second Motion to Amend, Judge Willett found that because Plaintiff's Second Motion to Amend was filed after the deadline in the Scheduling Order, Plaintiff was required to demonstrate good cause pursuant to Fed.R.Civ.P. 16(b)(4).   Judge Willett found that "Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Rule 16 Scheduling Order."   (Doc. 100 at 6).   Based on Plaintiff's lack of diligence, Judge Willet recommended denial of the Second Motion to Amend.  (*Id.*).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should

end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

After conducting its own de novo review of the facts and circumstances surrounding the filing of the Second Motion to Amend, the Court agrees with the Magistrate Judge that Plaintiff's two-month delay demonstrates a lack of diligence. Upon receiving the Court's Order (Doc. 68) denying the previous motion for leave to amend, Plaintiff knew, or should have known, that the deadline to file a motion for leave to amend had passed.  As a result, Plaintiff should have sought leave to modify the deadline in the Scheduling Order before filing the Second Motion to Amend.  At a minimum, in light of the expired deadline, Plaintiff should have acted with a sense of urgency and filed the Second Motion for Leave to Amend soon after it received the denial of the previous motion.  Plaintiff did neither.  Plaintiff has, therefore, failed to show good cause for failing to comply with the motion to amend deadline in the Scheduling Order.

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 100) recommending denial of the Second Motion to Amend is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Leave to Amend (Doc. 82) is **DENIED**.

**IT IS FINALLY ORDERED** that in light of the recent stipulated dismissal of Defendant Valenzuela (Doc. 116), the last remaining defendant, the Clerk of Court is directed to terminate this action.

**Dated** this 22nd day of February, 2016.

_____
Honorable Diane J. Humetewa
United States District Judge